Matter of Michael A. (Claudia A.) (2018 NY Slip Op 05154)





Matter of Michael A. (Claudia A.)


2018 NY Slip Op 05154


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-13341
 (Docket No. N-11606-14)

[*1]In the Matter of Michael A. (Anonymous). Administration for Children's Services, respondent; Claudia A. (Anonymous), appellant.


Brooklyn Defender Services, Brooklyn, NY (Julia Hernandez and Amy Mulzer of counsel; Elizabeth French and John O'Donnell on the brief), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing, Amanda Sue Nichols, and Carolyn Walther of counsel), for respondent.
The Legal Aid Society, New York, NY (Tamara A. Steckler and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Margaret Morgan, J.), dated November 16, 2016. The order, after a permanency hearing, denied the mother's motion for a determination that, since the completion of the last permanency hearing, the petitioner had failed to make reasonable efforts to achieve the permanency goal of reunification of the mother and the subject child, a determination that Title II of the Americans with Disabilities Act applied to this proceeding, and for an order, inter alia, directing the petitioner to provide the mother and the mother's attorney with advance written notice in Spanish of any service planning conferences, and to submit supportive housing applications on the mother's behalf.
ORDERED that the order is modified, on the law and the facts, by deleting the provisions thereof denying those branches of the mother's motion which were for an order directing the petitioner to provide the mother and the mother's attorney with advance written notice in Spanish of any service planning conferences, and to submit supportive housing applications on the mother's behalf, and substituting therefor provisions granting those branches of the mother's motion; as so modified, the order is affirmed, without costs or disbursements.
In May 2014, the petitioner commenced a proceeding pursuant to Family Court Act article 10 alleging that the mother neglected the subject child. The petition was based in part upon a mental health evaluation of the mother. A psychiatrist and a psychologist conducted the mental health evaluation through a Spanish-English interpreter because the mother spoke Spanish. The evaluators concluded that the mother fell within the "Extremely Low" range of intellectual functioning, and diagnosed her with "Unspecified Neurocognitive Disorder, Moderate." The child was removed from the mother's custody and placed into foster care. In August 2014, the mother underwent a second mental health evaluation conducted by employees of the New York State Institute on Disability, Inc. The mother scored "within the Mild range of Intellectual Disability," and [*2]her adaptive behavior skills fell within the "Low range with Severe Deficit."
After a fact-finding hearing on the neglect petition, the Family Court issued a fact-finding order dated October 20, 2015, finding that the mother neglected the child because she "failed to provide food, money or shelter for the care of the child by reason of her mental disability." In a separate order, also dated October 20, 2015, the court found that the petitioner made reasonable efforts to finalize the permanency plan of reunification of the child and the mother, and, in effect, that the child should remain in foster care placement until the completion of the next permanency hearing. The court also ordered the mother to undergo another mental health evaluation.
After failing to attend the first three scheduled appointments for the court-ordered mental health evaluation, the mother appeared for the evaluation in March 2016. A psychologist conducted the evaluation in Spanish. According to the evaluator's report, the mother's performance on cognitive testing was within the "Low Range of functioning[,] which corresponds with a borderline intellectual functioning." The evaluator stated that the mother's score "suggests a higher level of cognitive functioning than [ ] required for an intellectual disability," and noted that the mother may have scored lower on cognitive testing during her first mental health evaluation because that evaluation included a cognitive test in English administered with the assistance of a translator. The mother's provisional diagnosis was "Other Specified Schizophrenia Spectrum and Other Psychotic Disorder with delusions and significant overlapping mood episodes."
The permanency hearing which is the subject of this appeal commenced on May 4, 2016, with a permanency goal of reunification of the mother and the child. During the hearing, the petitioner presented the court with a report of a psychiatric evaluation of the mother that was performed on July 25, 2016. The report stated that the mother suffered from delusional beliefs, and gave her a provisional diagnosis of "Delusional Disorder," though it noted that it was "possible that limited intellectual ability could also cause this type of thinking."
The mother moved for a determination that, since the completion of the last permanency hearing, the petitioner had failed to make reasonable efforts to achieve the permanency goal of reunification of the mother and the child because the petitioner had failed to tailor the mother's service plan to accommodate her intellectual disability. The motion also sought a determination that Title II of the Americans with Disabilities Act (see 42 USC § 12101 et seq.; hereinafter the ADA) applied to this proceeding, and that the petitioner violated the ADA by failing to tailor her service plan to accommodate her intellectual disability. Finally, the motion sought an order pursuant to the ADA and Family Court Act § 1089, inter alia, directing the petitioner to directly purchase any necessary services for the mother, to provide the mother and the mother's attorney with advance written notice in Spanish of any service planning conferences, and to submit supportive housing applications on the mother's behalf.
In an order dated November 16, 2016, the Family Court denied the mother's motion. The court found that, since the completion of the last permanency hearing, the petitioner made reasonable efforts under Family Court Act § 1089 towards the permanency goal of reunification because the petitioner, acting through its contract agency, "provided a plethora of required service referrals, many of which the [mother] did not attend." The court further held that, although the petitioner had acknowledged that it was required to comply with the ADA, the petitioner "was not required to tailor [its] services" under the ADA because the mother was most recently diagnosed with "Delusional Disorder," and not a cognitive limitation. The mother appeals.
At the conclusion of a permanency hearing, the court is required to enter an order indicating whether "reasonable efforts have been made to effectuate the child's permanency plan" (Family Ct Act § 1089[d][2][iii]; see Matter of Tramel V., 52 AD3d 520, 521). When the permanency goal is to reunite the parent and child, the agency's "reasonable efforts" must be "intended to eliminate the need for continued placement of the child[ ]" and must be "tailored to [the parent's] individual situation" (Matter of Cloey S. [Anthony T.], 99 AD3d 1080, 1081; see Matter of Lacee L. [Stephanie L.], 153 AD3d at 1152). The Family Court may properly look to the ADA's standards for guidance in evaluating whether the agency made "reasonable efforts" (Matter of Lacee [*3]L. [Stephanie L.], 153 AD3d at 1152).
Here, the record reveals that, since the completion of the last permanency hearing, the petitioner facilitated supervised visitation between the mother and the child until visitation was suspended as a result of the mother's actions, and the petitioner made reasonable efforts to find services that were tailored to the mother's specific needs as the petitioner understood them to be at the time. For example, the petitioner referred the mother to a parenting class that was taught in Spanish and could accommodate individuals with cognitive limitations, but the mother failed to attend the class. Contrary to the mother's assertion, there is no evidence in the record that her failure to attend that class was attributable to any of her purported cognitive limitations, and notwithstanding the mother's alleged disability, "she remained responsible for cooperating with and completing" recommended services (Matter of Lanise Moena R. [Simone R.], 74 AD3d 490, 490). Thus, the Family Court properly denied that branch of the mother's motion which was for a determination that, since the completion of the last permanency hearing, the petitioner failed to make reasonable efforts to achieve the permanency goal of reunification of the child and the mother (see Matter of Lacee L. [Stephanie L.], 153 AD3d at 1152; Matter of Tramel V., 52 AD3d at 521).
Additionally, because the exact nature of the mother's diagnoses and her eligibility for certain services for individuals with cognitive disabilities remained unclear at the conclusion of the permanency hearing, the mother failed to demonstrate that she was entitled to an order directing the petitioner to provide and pay for services that were specifically tailored to individuals with cognitive limitations. The mother also failed to demonstrate that she required "1:1 supportive counseling . . . in the form of home-based casework services." Moreover, to the extent the mother established that she was a qualified individual with a disability under the ADA, she failed to establish that the agency failed to make reasonable accommodations for her disability or disabilities or that she was entitled to future accommodations under the ADA (see generally 42 USC § 12132). With respect to the mother's request that the petitioner provide her and her attorney with written notice in Spanish of all "upcoming appointments and referrals," the Family Court already directed the petitioner, in an order dated April 6, 2016, to notify the mother and her attorney of "all appointments in Spanish."
The petitioner consented to those branches of the mother's motion which sought an order directing it to provide her and her attorney with advance written notice in Spanish of "any service planning conferences," and to submit supportive housing applications on her behalf. Accordingly, the Family Court should have granted those branches of the mother's motion (see Family Ct Act § 1089[d][2][viii][A]).
In light of our determination, the parties' remaining contentions need not be addressed.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court